Honorable Ron Fields Prosecuting Attorney Sebastian County Courthouse Fort Smith, Ark. 72901
Dear Mr. Fields:
We have received the letter from your deputy of August 5, 1980, wherein he asked for our opinion on the following:
 1) What does the term "expunge" mean as it is set forth in the Juvenile Code under Ark. Stat. Ann. 45-441.1. (Poc. Supp. 1979)?
 2) Does the Juvenile Referee and/or the County Judge have the authority to order that juvenile records be physically destroyed or that the name of the juvenile be obliterated there from?
 3) Does the Juvenile Referee and/or the County Judge have the authority to order that all law enforcement agencies within the jurisdiction physically destroy or obliterate the names of the juvenile from their records.
We also received a lengthy letter of August 26, 1980, from Mr. James M. Dunn, a private attorney representing a juvenile who has requested that his juvenile court record be physically destroyed or, in the alternative, that all reference to his name in the records be obliterated or blotted out.
As to your first question, the Juvenile Code does provide for expungement of a juvenile court record under Ark. Stat. Ann. 45-441.1 (Pocket Supp. 1979).
"The Juvenile Court may expunge, at any time, the records of a juvenile on its own motion or any interested party."
The Juvenile Code does not specifically define the term "expunge," but such term is defined in the Criminal Code under several sections. Ark. Stat. Ann. 43-1231 (Repl. 1977) provides for expunging records of first offenders:
 ". . . the term "expunge" shall mean an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact said records are those relating to first offenders as so determined by the court; that such records shall be sealed, sequestered, treated as confidential and only available to law enforcement and judicial officials; and further signifying that the defendant was completely exonerated of any criminal purpose and said disposition shall not affect any civil right or liberties of said defendant.
The term "expunge" shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials." (Emphasis added.) Ark. Stat. Ann. 43-2340 (g) (Repl. 1977), under the Youthful Offender Alternative Service Act, also specifically defines "expunge" as:
 ". . . an entry upon the official records kept in the regular course of business by law enforcement agencies and judicial officials evidencing the fact said records are those relating to eligible offenders as so determined and sentenced or paroled under provisions of this Act, that such records shall be sealed, sequestered, treated as confidential and only available to law enforcement and judicial officials; and further signifying that the defendant was completely exonerated of any criminal purpose and said disposition shall not affect any civil rights or liberties of said defendant.
The term "expunge" shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials." (Emphasis added.)
Ark. Stat. Ann. 43-2828 — 43-2830 (Rep. 1977), establishing parole eligibility, also provides for expungement of the records of minor non-violent felony offenders. Section 43-2832 provides for expungement by order of the court. It specifically provides:
 ". . . The order of the court expunging a record of the petitioner which are kept in the regular course of business by law enforcement agencies and judicial officials shall, be sealed, sequestered and treated as confidential and that such records shall be available only to law enforcement and judicial officials. The order shall not direct that the records be physically destroyed." (Emphasis added.)
Thus, the Code consistently defines the term "expunge" in the same way. That is, the records shall be "sealed, sequestered and treated as confidential." All of these statutes specifically prohibit "physical destruction" of the records.
These same statutes do provide that these records, once "expunged," may then be made available only to law enforcement and judicial officials. Further, Section 43-1235 provides a penalty for disclosure of expunged records to any person other than a law enforcement officer or a judicial officer.
". . . any person charged under the provisions of this Act (43-1231 — 43-1235) with keeping the confidential records of first offenders as provided in Section 1 (43-1231) hereof shall, upon divulging any information contained in such records to any person or agency other than a law enforcement official or a judicial officer, upon conviction be guilty of a misdemeanor and shall be subject to a fine of not more than five hundred dollars ($500). Each such violation shall be considered a separate offense." (Emphasis added.)
The intent of these expungement statutes is to allow the person whose record is expunged, as to a particular conviction, to state that he or she had not been so convicted on "any applications for employment, licenses or permits, on in any other instances or situation in which civil rights or privileges are involved." See, in this regard, Ark. Stat. Ann. 43-1233, 43-2344, and 43-2833.
It is our opinion, then, that expungement of records does not include physical destruction of the records, further expungement would not allow the name of the offender to be obliterated or blotted out. Such action would essentially render the records useless. Clearly the legislature, providing that the records may be used by law enforcement and judicial officials and in providing a penalty for divulging this information to other than law enforcement and judicial officials, anticipated and intended future use of the records should the need arise. Obviously if the records are destroyed or have been rendered useless this section of the . . . . [remainder of sentence obliterated]
As to your second and third questions, under the language of these same Statutes it would be our opinion that the juvenile referee and the county judge do not have the authority to physically destroy expunged records nor may they order law enforcement agencies to destroy their records. The specific prohibition against physical destruction of records applies to law enforcement agencies as well as judicial officials.
I would also point out that the juvenile code provides specific directions regarding fingerprints and photographs under Ark. Stat. Ann. 45-419 (Pocket Supp. 1979). ". . . A juvenile shall not be photographed or fingerprinted by any law enforcement agency unless he has been taken into custody for a violation of the law. Copies of a juveniles' fingerprints or photograph shall be made available only to other law enforcement agencies and to the juvenile court. Each law enforcement unit in the State shall keep a separate file of photographs and fingerprints of juveniles, it being the intention that such photographs and fingerprints not be kept in the same file with those of adults. Provided, however, that in any case where the juvenile is found not to have committed the alleged violation of law, the juvenile court may order any law enforcement agency to return all pictures and fingerprints to the juvenile court and shall order the law enforcement unit that took the juvenile into custody to make the arrest record with the notation "found not to have committed the alleged offense." (Emphasis supplied)
It is our opinion then that the term "expunge" does not include physical destruction or obliteration of juvenile court records. Further, the juvenile court may not order destruction of either its own records or the records of law enforcement agencies. These "expunged" records are sealed, sequestered, and treated with confidentiality.
We would add, even though the Juvenile Code does not specifically so state that the juvenile whose juvenile court adjudication has been expunged, would not have to so state on any applications for employment, licenses or permits, or in any other instance or situation in which civil rights or privileges are involved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Mary Davies Scott.